## LYNCH v. NATIONAL BONDHOLDERS CORPORATION.

### No. 3279.

District Court, E. D. Michigan, S. D.

June 3, 1942.

Charles P. Nugent, of Detroit, Mich., for plaintiff.

Vandeveer & Haggerty, of Detroit, Mich., for defendant.

LEDERLE, District Judge.

On February 6, 1942, plaintiff, a resident of this District, instituted this action by praecipe and summons against the defendant, a Delaware corporation, in the Wayne Circuit Court, claiming damages of five thousand dollars for personal injuries allegedly sustained February 9, 1939, from a fall on the steps of defendant's apartment building in Detroit, Michigan. On February 6, 1942, service of the summons was made upon the Michigan Corporation and Securities Commission, as statutory agent for defendant. On February 19, 1942, plaintiff filed his declaration, and on the same day defendant appeared specially and petitioned for removal of said cause to this court under 28 U.S.C.A. § 41(1), this being a controversy between citizens of different states involving more than three thousand dollars. On March 10, 1942, the certified record on removal was filed in this court, and on March 12, 1942, defendant filed an answer and demand for jury trial. On April 8, 1942, an order for pre-trial hearing under Rule 16, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, was entered herein by this court and served upon counsel by mail. On March 21, 1942, counsel appeared for such pre-trial Hearing, at which time defendant's request that plaintiff submit to a physical examination by a physician was granted, and trial was set for June 3, 1942, at 9:30 a.m. On May 7, 1942, a letter was sent to counsel requesting that before trial they submit trial briefs, requests to charge, and proposed special questions for submission to the jury on each disputed issue of fact under Rule 49. Defendant's brief was submitted on May 28, 1942. On this date, June 3, 1942, at 9:30 a.m., the jury panel was present and the case was called for trial in open court. Defendant's counsel and witnesses were present prepared to proceed to trial. Counsel for plaintiff appeared and stated that plaintiff did not care to proceed further with the litigation. Defendant's counsel requested that this cause be dismissed with prejudice for want of prosecution in accordance with Rule 41(b) and offered to waive all costs except final dismissal fee.

Now, therefore, it is hereby ordered that this cause be and the same is hereby dismissed and discontinued, with prejudice, and without costs to either party except that final dismissal fee be paid to the Clerk of this Court by plaintiff.